# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT BOWLING GREEN

**JOHN WILLIS MARTIN, JR.**                                                          **PLAINTIFF**

**v.**                                                 **CIVIL ACTION NO. 1:16-CV-P29-GNS**

**PHIL GREGORY**                                                                     **DEFENDANT**

## MEMORANDUM OPINION

Plaintiff John Willis Martin, Jr., a prisoner incarcerated in the Logan County Detention Center (LCDC), filed a *pro se* complaint under 42 U.S.C. § 1983. This matter is before the Court for initial review of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons that follow, the Court will dismiss this action.

## I. SUMMARY OF CLAIMS

Plaintiff identifies one Defendant in this action, Phil Gregory, the Jailer at LCDC. He sues Defendant in both his individual and official capacities. Plaintiff seeks monetary and punitive damages.

According to Plaintiff, in 2001, he "was found disable due to asthma." Plaintiff states that on February 12, 2016, he "refused to go to work as a drywaller witch was volunteer services." Plaintiff states that he has asthma "and the building had mold every where and [he] became sick." Plaintiff continues, "I refused and begin a state inmate I was placed on county side on the floor where condisation drips off walls all the cells in 160 especially 149-150-shower and other areas have black mold as well." Plaintiff asserts that bleach is sprayed on the mold "daily and on the days they spray they close the bean flap and leave us closed in here with strong orders." Plaintiff states that the chaplin stated that "he would switch [Plaintiff] out because

[Plaintiff] mention asthma." Plaintiff states that ever since he has been on the "county side its been a struggle to get anything the guards talk to you any way and for every question there answer is there busy." According to Plaintiff, he was placed "on the floor in a dorm full of county inmates" because of his "refusal to work." Plaintiff states that he does not want his asthma to flare up.

Plaintiff continues, "[i]ts hard to acquire any documents or receive answer to request I have been waiting since the 16 for a statement showing my indigent status. Also the people that placed me on the county side is the same person or people responding to my grevinces Im thinking its a conflict of intrest because all my grevince is begin denied." Plaintiff states that he "has asked several times if im going back cause my custody level still a one and as I state before I have no write up but im missing out on my work credit even though I never received a state pay since I came to this facility."

Plaintiff states that "the Logan co. detention center continues to take half of my state pay to pay for booking fees and medical I thought state pay was never to be tooken out for fines and booking only money from streets." Further, Plaintiff states, "Theres been people drinking get caught fail drug test and go back. Theres been people fighting and go back. Theres been people caught with contraband such as lighter and ciggerettes and go back all recently."

## II. **STANDARD OF REVIEW**

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon

which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d at 608.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d at 488 (quoting *Columbia Nat. Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

### A. Individual-Capacity Claims

Plaintiff names Jailer Phil Gregory as the only Defendant in this action, and he sues him in both his individual and official capacities. However, Plaintiff makes no allegations against Defendant in his complaint. There is nothing in the complaint stating which of the acts about which Plaintiff complains were committed by Defendant. "It is axiomatic that a complaint under 42 U.S.C. § 1983 must show a causal connection between the named defendants and the alleged constitutional deprivation; the doctrine of *respondeat superior* has no application thereunder." *Cox v. Barksdale*, No. 86-5553, 1986 WL 18435, at *1 (6th Cir. Nov. 13, 1986) (citing *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984); *Dunn v. Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982)). "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given to pro se complaints." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974); *see also LeMasters v. Fabian*, No. 09-702 DSD/AJB, 2009 WL 1405176, at *2 (D. Minn. May 18, 2009) ("To state an actionable civil rights claim against a government official or entity, a complaint must include specific factual allegations showing how that particular party's own *personal* acts or omissions directly caused a violation of the plaintiff's constitutional rights.").

Having failed to allege any conduct on the part of Defendant Gregory that violates Plaintiff's rights, the individual-capacity claim against him will be dismissed from this action.

## B. Official-Capacity Claims

Plaintiff also sues Defendant in his official capacity as Jailer of the Logan County Detention Center. "Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690 n.55 (1978)). Suing Defendant in his official capacity is the equivalent of suing his employer, Logan County. *See Lambert v. Hartman*, 517 F.3d 433, 439-40 (6th Cir. 2008) (stating that civil rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (advising that since the county police department is not an entity which may be sued, the county is the proper party).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992).

### 1. The Claim Involving Exposure to the Smell of Bleach

"Extreme deprivations are required to make out a conditions-of-confinement claim" under the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987). An Eighth Amendment claim has both an objective and subjective component: (1) a sufficiently grave deprivation of a basic human need; and (2) a sufficiently culpable state of mind. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). "[P]rison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to

guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984)). However, as former Chief Justice Rehnquist remarked, "[i]n short, nobody promised [inmates] a rose garden; and I know of nothing in the Eighth Amendment which requires that they be housed in a manner most pleasing to them . . . ." *Atiyeh v. Capps*, 449 U.S. 1312, 1315-16 (1981).

Plaintiff asserts that bleach is sprayed on mold in his cell "daily and on the days they spray they close the bean flap and leave us closed in here with strong orders." Being exposed to the smell of bleach is not a constitutional violation. *See Abdur-Reheem-X v. McGinnis*, No. 99-1075, 1999 WL 1045069, at *3 (6th Cir. Nov. 12, 1999) (finding that plaintiff's claim that the odor of bleach from cleaning feces from his neighbor's cell was not a health threat "'to be so grave that it violates contemporary standards of decency to expose anyone unwillingly,'" and that "[a]nyone who thoroughly cleans a bathroom is exposed to the strong smell of bleach") (quoting *Helling v. McKinney*, 509 U.S. 25, 36 (1993)); *Bey v. Luoma*, No. 2:06-cv-243, 2009 WL 884630, at *3 (W.D. Mich. 2009) (finding no constitutional violation when a prisoner claimed that the smell of human feces subjected him to a grave health risk even though the prisoner alleged that he experienced nausea, migraine headaches, nosebleeds, difficulties breathing, and pain and suffering).

Further, pursuant to the Prison Litigation Reform Act [PLRA], 42 U.S.C. § 1997e(e), "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." "Although § 1997e(e) does not define 'physical injury,' the developing case law in this area reflects the view that, consistent with Eighth Amendment jurisprudence, the predicate injury need not be significant, but must be

6

more than *de minimis*." *Corsetti v. Tessmer*, 41 F. App'x 753, 755 (6th Cir. 2002). Thus, without the showing of something more than a *de minimis* physical injury associated with his claim, Plaintiff's action fails. *See Jarriett v. Wilson*, 162 F. App'x 394, 401 (6th Cir. 2005) (finding that swelling, pain, and cramps which produced no medical findings was "nothing more than a *de minimis* injury for purposes of § 1997e(e)"); *Jennings v. Mitchell*, 93 F. App'x 723, 725 (6th Cir. 2004) (finding that plaintiff's claim that he was uncomfortable after being sprayed with pepper spray was precluded by 42 U.S.C. § 1997e(e) since he failed to show more than a *de minimis* injury); *Adams v. Rockafellow*, 66 F. App'x 584, 586 (6th Cir. 2003) (affirming the district court's grant of summary judgment in favor of defendant since plaintiff failed to allege any physical injury arising out of the strip searches about which he complained); *Pryor v. Cox*, No. 97-3912, 1999 WL 1253040, at *1 (6th Cir. Dec. 13, 1999) (finding plaintiff's claim of being subjected to bad food, unsanitary conditions, and excessive heat without also claiming he had suffered any physical injury as a result of these conditions was meritless). In the present case, Plaintiff does not state that he incurred any physical injury from smelling the bleach; thus it appears that he is seeking damages for some sort of emotional or mental injury which would be precluded by 42 U.S.C. § 1997e(e).

For these reasons the official-capacity claim involving the smell of bleach will be dismissed for failure to state a claim.

### 2. The Claims Regarding Deductions From Plaintiff's State Wages

Plaintiff complains that the LCDC "takes half of [his] state pay to pay for booking fees and medical." Plaintiff states that he "thought state pay was never to be tooken out for fines and booking only money from streets." As is the case with all of the claims alleged by Plaintiff, he fails to state what constitutional provision he asserts was violated by Defendant.

7

It is unclear whether Plaintiff is alleging that his state pay was withheld or if his state pay was placed in his prison trust account and deductions were made from his trust account for his medical and booking expenses. Regardless of which claim Plaintiff is making, his claim fails.

A prisoner has no constitutional right to a prison job. *Newsom v. Norris*, 888 F.2d 371, 374 (6th Cir. 1989). "Further, as the Constitution and federal law do not create a property right for inmates in a job, they likewise do not create a property right to wages for work performed by inmates." *Carter v. Tucker*, 69 F. App'x 678, 680 (6th Cir. 2003). Thus, no constitutional right would be violated if Plaintiff only received half of his expected pay resulting from half being deducted to pay his debt to the institution. *See Singleton v. Page*, No. 96-2637, 1999 WL 1054594, at *1 (7th Cir. Nov. 17, 1999) (finding that since there was no legal basis for the prisoner's asserted property interest in withheld state pay, his due process arguments failed); *James v. Quinlan*, 866 F.2d 627, 630 (3d Cir. 1989) (finding that the requirement that inmates assign one-half of their savings from prior prison work in order to continue in their Federal Prison Industries job assignments did not violate their due process rights).

If Plaintiff is complaining that it is unconstitutional for LCDC to deduct medical and booking fees from his prison trust account, his claim also fails. The Sixth Circuit has held that charging inmates per diem or co-pay fees does not violate the Fifth Amendment because the inmates receive services (housing, food, and medical care) in exchange for the fees. *Bailey v. Carter*, 15 F. App'x 245, 249 (6th Cir. 2001).

Additionally, a violation of the Eighth Amendment only occurs if the prison or jail conditions the right to receive necessary care or necessities on the payment of such fees. *See Reynolds v. Wagner*, 128 F.3d 166, 173-75 (3d Cir. 1997); *White v. Corr. Med. Servs.*, 94 F. App'x 262, 264 (6th Cir. 2004) ("It is constitutional to charge inmates a small fee for health care

where indigent inmates are guaranteed service regardless of ability to pay."). In this case, Plaintiff does not allege that he was denied medical care or necessities for failure to pay any fee. He, therefore, fails to state an Eighth Amendment claim.

Finally, the Sixth Circuit has held that the Federal Constitution does not require the state to provide inmates with a predeprivation hearing prior to assessing fees against them. S*ickles v. Campbell Cty.*, 501 F. 3d 726, 730 (6th Cir. 2007); *see also Mickelson v. Cty. of Ramsey*, No. 14-3164, 2016 WL 2342925, at *3-9 (8th Cir. May 4, 2016) (finding that in view of the modest private interests at stake, the substantial state interests in the current withholding system, and the appellants' failure to complete the existing refund process and demonstrate its alleged inadequacies, the appellants failed to state a plausible claim that the booking fee posed a violation of constitutional rights that is actionable under 42 U.S.C. § 1983); *Cole v. Warren Cty., Ky.*, No. 1:11-CV-00189-JHM, 2012 WL 1950419, at *6-8 (W.D. Ky. May 30, 2012) (finding no Fourteenth Amendment violation when defendants deducted fees from plaintiffs' inmate accounts that were not authorized by statute, including the collection of a bond fee; a combined processing and per diem fee; and the deduction of fines and medical costs); *Harper v. Oldham Cty. Jail*, No. 3:10CV-P735-S, 2011 WL 1399771, at *6 (W.D. Ky. Apr. 13, 2011) (finding that the Oldham County Jail was not required to provide Plaintiffs with a predeprivation hearing before assessing per diem fees).

For these reasons the official-capacity claims involving deductions from Plaintiff's state wages will be dismissed for failure to state a claim.

### 3. Remaining Claims

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory."

9

*Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. at 691; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. at 694; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, "a plaintiff must 'identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy.'" *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d at 286 (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)). "The 'official policy' requirement was intended to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *Pembaur v. Cincinnati*, 475 U.S. 469, 479 (1986).

In the instant case, as to the remaining claims, Plaintiff has not alleged that a municipal policy or custom caused him any harm. As nothing in the complaint demonstrates any wrongdoing occurred as a result of a policy or custom implemented or endorsed by Logan County as to the remaining claims, the complaint fails to establish a basis of liability against the municipality as to these claims. Thus, the complaint fails to state a cognizable § 1983 claim as to the remaining claims.

## IV. CONCLUSION

For the foregoing reasons, this complaint will be dismissed by separate Order.

Date: July 20, 2016

*[Signature]*

**Greg N. Stivers, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
    Defendant
4416.003